272 P.2d 155

BRANDTJEN & KLUGE, Inc.

v.

SHONKA et al.

No. 8112.

Supreme Court of Utah.

June 23, 1954.

224

Walter G. Mann, Brigham City, for appellant.

Omer J. Call, Brigham City, for respondent.

WADE, Justice.

Brandtjen and Kluge Incorporated, appellant herein, brought this action for the recovery of a Kluge Platen Press sold by it to respondents herein subject to the provisions of a conditional sales contract. Respondents answered seeking to rescind the entire agreement of sale because of appellant's breach of contract. This appeal is from a judgment in favor of defendants, respondents herein.

The respondents ordered the press through a Mr. Raymond, an agent of appellant. The purchase order contract dated October 18, 1951, entered into between the parties at that time provided among other things that the machine was to be installed by a competent man to be furnished by the seller at its expense. In accepting this order in a letter dated October 25, 1951, in which was enclosed a copy of the purchase order contract, the appellant described the machine purchased as "one 12 x 18 New Kluge Platen Press with six rollers;". The purchase order contract described it as "one 12 x 18 New Kluge Platen Press 6 Roller." Sometime before the machine was delivered, appellant's agent, Mr. Raymond, knowing that respondents did not know how to operate the machine, advised them that he had convinced the home office to allow him to go to Brigham City to train them provided he would also install the machine so that the company would not have to send out an extra man to do this. He enclosed a letter addressed to appellant which he requested respondents to copy on their stationery wherein it was stated that they released appellant from that portion of the contract which provided that it would furnish a competent man to install the equipment and that Mr. Raymond had consented to train them in its operation because they knew nothing whatever about the machine. Respondents complied with Mr. Raymond's request. Subsequently they executed the conditional sales contract and promissory note for the balance

due on the machine and made a payment of $385.35 at that time, having previously made a $50.00 payment when they signed the purchase order. The machine was then shipped out to them sometime early in December, 1951, and left uncrated at respondents' place of business. Respondents paid the freight. Later in December, Mr. Raymond called and said he would come and install the machine then or in January. Because of the Christmas rush of business the respondents informed him that they would prefer he come in January. This he agreed to do, whereupon respondents made their first installment payment when it became due in December 1951. Mr. Raymond did not come in January and respondents made no payment for that month when it became due. In February, Mr. Raymond still not having appeared to install the machine and train them in its use, they wrote him a letter, a copy of which was sent to the company in which they informed him that they had contemplated making payments from profits on orders which they had which required the use of the printing press and until that was installed they would not make the payments. Appellant informed respondents that they had waived their right to have the seller send a competent man to install the machine at its expense and demanded payment. Eventually respondents consulted a lawyer who informed appellant on March 29, 1952, that respondents considered the failure to install the machine a breach of contract and were negotiating for another machine from another company, but that they would waive the breach if appellant would arrange for the immediate installation and training as promised them and they would bring the payments due up to date. About April 5, 1952, Mr. Raymond came to Brigham City, uncrated the machine, put some parts together, placed it where respondents said they wanted it, but did not bolt the machine to the floor nor did he install the rollers because none had been sent by appellant and without the rollers the machine could not be used even if otherwise fully installed. He promised he would obtain the rollers and come back in about a week and finish the installation and give the promised training. After more than two weeks had passed and Mr. Raymond failed to show up, respondents informed appellant that they were purchasing a machine from another company and were rescinding the contract with them because of its breach, and that appellant could get its machine back upon returning to respondents the money they had expended under the contract. Before the trial appellants recovered possession of the machine under its claim and delivery bond.

The court found that all the written contracts, including the release and waiver, constituted the agreement between the parties and that by such agreement appellant was required to deliver with the machine six rollers but that it failed to do this or to install it so that it could be used for printing and that this failure was a breach of

the contract which entitled respondents to rescission and the return of all payments made under the agreement together with the freight charges paid by respondents when the machine was shipped to them.

Appellant contends that the court erred in granting judgment for the freight paid by respondents when the machine was delivered to them because when it granted rescission of the contract it could not grant damages under the contract and the freight item having been paid to a third person, was an item of damages. Neither party contends that damages for the breach of the contract can be granted where the action is for rescission. They agree that as is stated in 12 Am.Jur., pages 1038–39, Sec. 455:

"*  *  * The effect of rescission of an agreement is to put the parties back in the same position they were in prior to the making of the contract *  *  *. After rescission for a breach, there is no right to damages for such breach. The party rescinding may, however, have a right to restitution with respect to any performance on his part. *  *  *"

■ Although the freight was paid to a third person, it was paid by respondents in complying with the terms of the contract which provided that the machine was sold f. o. b. St. Paul, Minnesota, and required that vendee have the equipment placed on its shop floor. Respondents could not perform this condition of their contract without paying the freight to the third party through whom appellant had shipped the machine, the court, therefore was not granting respondents damages when it allowed them the freight costs but was placing them in the "same position they were in prior to the making of the contract" and was granting them "restitution for the performance" on their part.

■ Although the court construed the purchase order contract and conditional sales contract together, as appellant contends it should have done in determining what the agreement between the parties was, appellant argues that the court erred in finding that appellant had agreed to furnish a press with six rollers because the purchase order did not include "cast rollers" as the standard equipment of the type of press sold to respondents. There is no merit to this contention. The conditional sales contract which was executed after the purchase order contract described the machine sold as a "12 x 18 Kluge Platen Printing Press with six rollers *and* all standard equipment." (Emphasis ours.) In its letters of response to respondents on receipt of the purchase order the appellant described the machine as being with six rollers. The evidence before the court was that the machine could not be installed so that it would be able to print without the rollers. There was evidence that a machine is not "installed" until it can be tested as to how it prints. From all this the

court was justified in concluding that six rollers had to be supplied with the machine and the failure to do so constituted a failure to install and was a substantial breach of the contract entitling respondents to rescission.

Appellant further contends that respondents by writing it a letter that released them from that portion of the contract which required it to provide a competent man to install the equipment at the expense of the seller, was a waiver of their right to have the machine installed by the seller. In so arguing, appellant completely overlooks the condition upon which such waiver was offered, i. e., that their agent Mr. Raymond should instead install the machine and teach them how to use it since they knew nothing about the press. This was not a waiver of the right to have the machine installed, but at most a waiver of the right to have the machine installed "by a competent man" chosen by the seller.

We have carefully considered all of appellant's other assignments of error but find no merit to them.

Affirmed. Costs to respondents.

McDONOUGH, C. J., CROCKETT and HENRIOD, JJ., and LARSON, District Judge, concur.

WOLFE, C. J., being disqualified did not participate in the hearing of this cause.